18972

The STATE, Respondent, v. Donald FERGURSON and Jerome Walker, Appellants

(170 S. E. (2d) 380)

*George W. Gregory, Esq.,* of Cheraw, *for Appellants,*

*Messrs. Marion H. Kinon,* Solicitor, and *J. Dupre Miller,* Assistant Solicitor, of Bennettsville, *for Respondent,*

October 31, 1969.

BRAILSFORD, Justice.

Donald Fergurson and Jerome Walker were convicted of grand larceny at the November, 1967, term of the Court of General Sessions for Chesterfield County. They have appealed to this court upon the sole ground that their motion for a directed verdict should have been granted because of the insufficiency of the evidence to establish their guilt.

The larceny was of currency from a grocery store cash register. The cashier testified that two men approached her, and one of them purchased a package of cigarettes. When she had rung up this sale and was about to take change from the open cash drawer, the purchaser asked her for some razor blades, which were behind her. She turned to get these but "happened to look back and this other boy was coming out with the money." According to her testimony, this man, whom she positively identified as Walker, had a handful of ten dollar bills which he had taken from the drawer. She pushed it shut and ran between the two men, calling to the meatcutter who was the only other adult employee in the store at the time. He responded to the alarm and, according to his testimony, she directed his attention to the men, saying: "There they go around the corner." He testified that he "looked and there was two men going around the corner. So I just went on out the door behind them and tried to get them to stop. Told them to stop and let's talk it over." He followed them to their parked automobile in which they drove away without heeding his calls to stop. He positively identified the driver of the car as Fergurson.

It is conceded that Fergurson and Walker had entered the store together before the cashier gave the alarm, and that, upon her doing so, they hurriedly left without having made their intended purchases. The cashier testified that no other customers were in the store at the time. From the description which the meatcutter gave of the automobile, the appellants were picked up by North Carolina officers in

a border county within half an hour of their departure from the store.

It is the theory of the State that Walker stole the money from the cash drawer, and that Fergurson was present for the purpose of aiding and abetting in the commission of the crime by distracting the attention of the cashier. We see from the foregoing summary that there was direct evidence tending to establish Walker's guilt, which was clearly an issue for the jury. On the other hand, Fergurson was not identified by the cashier, and the evidence as to his presence at the cash register and his motive in being there was circumstantial. In passing upon the sufficiency of this evidence to make a jury issue as to Fergurson's guilt, we are mindful that the test to be applied is far different from that to be employed by the jury in weighing the evidence. In a circumstantial evidence case, it is the jury's duty to acquit unless the circumstances proved point conclusively to the guilt of the accused to the exclusion of any other reasonable hypothesis. On the other hand, "on a motion for direction of verdict, the trial judge is concerned with the existence or non-existence of evidence, not with its weight; and, although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced." *State v. Littlejohn,* 228 S. C. 324, 329, 89 S. E. (2d) 924, 926 (1955).

We are convinced that the evidence here fairly met this test and that the trial judge did not err in submitting the case to the jury.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.